```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------X
FEDERICO DIAZ,

        Petitioner,
                                        MEMORANDUM AND ORDER
   - against -

J.T. SMITH, SUPERINTENDENT,             Civil Action No.
SHAWANGUNK CORRECTIONAL                 CV-05-0887 (DGT)
FACILITY,

        Respondent.

-----------------------------X
```

TRAGER, J.:

  Federico Diaz ("petitioner") brings this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that the state trial court erroneously denied his motion to suppress physical evidence that the police seized from his Brooklyn residence, pursuant to the execution of a search warrant. For the reasons discussed below, the petition is dismissed.

**Background**

**(1)**

**The Search Warrant and Charges**

  After an eight-month narcotics investigation that included police observations, narcotics purchases by an undercover police

1

officer and the execution of eavesdropping warrants, New York City Police Department detectives obtained a warrant to search 27 Logan Street in Brooklyn, where petitioner resided, and three other locations.  Def.'s Br. 3-4.  In early 2000, detectives executed the warrant at 27 Logan Street.  <u>Id.</u> at 11.  There, the police found cocaine, heroin, narcotics paraphernalia and substances that are commonly used to dilute cocaine.  <u>Id.</u> at 12.

In an indictment filed on April 5, 2000, a Kings County grand jury charged petitioner, his brother Cruz Diaz ("codefendant") and others with narcotics offenses arising from the recovery of narcotics during the police search of 27 Logan Street.  Kings County Indictment No. 2038/00.  The offenses against petitioner included Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21[1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[1]), Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09[1]), three counts of Criminally Using Drug Paraphernalia in the Second Degree (N.Y. Penal Law §§ 220.50[1],[2],[3]) and other related offenses.[1]

---

[1] The indictment also included conspiracy charges against the petitioner, but the court dismissed these charges before trial. Def.'s Br. 2 n.1.  Petitioner's nine codefendants included his mother, sister and brother.  <u>Id.</u> at 2.

2

**Motion to Suppress and Petitioner's Conviction**

The codefendant moved in the Supreme Court of the State of New York, Kings County ("trial court"), to suppress the evidence that the police seized during the execution of the search warrant on the ground that the search violated the Fourth Amendment. Def.'s Br. 8-9. The codefendant claimed that the application for the search warrant did not create probable cause for the detectives to believe that they would find narcotics at 27 Logan Street. Id. at 8.

On August 25, 2000, the trial court denied the codefendant's motion to suppress physical evidence. Id. at 9. The trial court ruled that the detectives had probable cause to believe that narcotics would be found at 27 Logan Street. Id. In its oral decision, the trial court found that the affidavit that the police submitted in support of the search warrant connected 27 Logan Street, which the court termed a "private house," with a "continuing long standing complex operation." Id. The court noted that the affidavit included information about intercepted conversations. Id. Those conversations included one about cooking and preparing drugs at the address and one about a car, used in the drug operation, that was stored at the address. Id. The trial court also observed that the affidavit established that a "high ranking drug operator" had visited 27 Logan Street. Id.

Petitioner did not file a written motion to suppress the evidence that the detectives recovered during the execution of the warrant. However, in a court appearance that occurred five days after the trial court denied the codefendant's motion, counsel for petitioner asked the trial court if it planned to conduct a suppression hearing on the search warrant. Id. at 8.

Petitioner's counsel argued (1) that the warrant application failed to establish probable cause that contraband would be found at 27 Logan Street, even though the detectives had probable cause to search the car parked at the residence; and (2) that the warrant application failed to satisfy the particularity requirement of the Fourth Amendment because it did not specify correctly the number of residences at 27 Logan Street and did not specify the residence the police were to search. As proof that the building consisted of two separate residences, petitioner submitted into evidence a Brooklyn Union gas bill for Antonio Heredia at "27 Logan Street, #2" and a Con Edison bill for Milagros Diaz at "27 Logan Street, 1 Fl." Id. at 10.

The trial court denied counsel's request for a suppression hearing, referring to the reasons that it had articulated when it denied the codefendant's motion to suppress. Id. at 8. Further, the trial court found that, even with the evidence that the building consisted of two separate residences, the search warrant established probable cause. Id. at 11. Three months later, the

court denied counsel's second request for a suppression hearing. Id.

At the close of trial, a jury found petitioner guilty of Criminal Possession of a Controlled Substance in the First Degree (N.Y. Penal Law § 220.21[1]), two counts of Criminal Possession of a Controlled Substance in the Third Degree (N.Y. Penal Law § 220.16[1]), Criminal Possession of a Controlled Substance in the Fourth Degree (N.Y. Penal Law § 220.09[1]) and three counts of Criminally Using Drug Paraphernalia in the Second Degree (N.Y. Penal Law §§ 220.50[1],[2],[3]). Aff. Opp'n Pet. Writ Habeas Corpus ¶ 7 ("Opp'n Pet."); see also Def.'s Br. 13. On November 8, 2000, the trial court sentenced petitioner to a prison term of fifteen years to life for the first-degree narcotics possession count, eight and one-third to twenty-five years for the third-degree narcotics possession counts, five to fifteen years for the fourth-degree possession count and one year each for the drug paraphernalia counts, all sentences to run concurrently to one another. Opp'n Pet. ¶ 7.

**(3)**

**Petitioner's Appeals**

Petitioner appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, arguing that the trial court erroneously denied his

5

suppression motion. On October 4, 2004, the Appellate Division affirmed petitioner's conviction. People v. Diaz, 11 A.D.3d 476, 782 N.Y.S.2d 286 (2d Dep't 2004). The Appellate Division ruled:

> The affidavit in support of the warrant recited facts sufficient to support a reasonable belief that evidence of illegal activity would be present at the premises to be searched. When, because of a factual mistake on the part of the police officer who obtained the warrant, the description of the place to be searched is overbroad, the validity of the warrant turns on the information available to the officer at the time he obtained it. At the time the warrant was issued, the police detective who obtained the warrant was unaware that the description of the premises as a single-family residence resulted in the warrant being overbroad. Furthermore, the detective made a diligent attempt to ascertain the true character of the premises to be searched before obtaining the warrant. Thus, the warrant was not rendered invalid by the subsequent discovery that the premises was a two-family residence.

Diaz, 11 A.D.3d at 477; 782 N.Y.S.2d at 287 (internal citations omitted). Petitioner applied for leave to appeal to the New York Court of Appeals, raising the same Fourth Amendment claim. On November 29, 2004, the Court of Appeals denied his application. People v. Diaz, 3 N.Y.3d 756, 821 N.E.2d 977, 788 N.Y.S.2d 672 (2004) (Rosenblatt, J.).

### (4)

### Habeas Corpus Petition

On February 10, 2005, petitioner filed a motion for writ of habeas corpus in this court, alleging, as he did in the state appellate courts, that the trial court's denial of his

6

suppression motion deprived him of his right to be free from unreasonable search and seizure under Fourth Amendment of the United States Constitution. Petitioner makes the same claim his trial counsel did in requesting a suppression hearing. The merits of petitioner's habeas claim is discussed below.

## Discussion

### (1)

### Applicable Law to Petitioner's Fourth Amendment Claim

"[T]he Supreme Court held that 'where the State has provided an <u>opportunity</u> for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial.'" <u>Capellan v. Riley</u>, 975 F.2d 67, 70 (2d Cir. 1992) (emphasis in original) (quoting <u>Stone v. Powell</u>, 428 U.S. 465, 481-82 (1976)). Due to this procedural bar, federal review of a state prisoner's Fourth Amendment claim will be granted only in one of two instances: "(a) if the state has provided no corrective procedures at all to redress the alleged [F]ourth [A]mendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." <u>Id.</u> (citing <u>Gates v. Henderson</u>, 568 F.2d

830, 840 (2d Cir. 1971)).

**(2)**

**Petitioner Fails to Establish
that State did not provide a Corrective Mechanism
or that Unconscionable Breakdown Occurred**

New York State provides a full and fair opportunity for a state prisoner to litigate his Fourth Amendment claim pursuant to New York Criminal Procedure Law § 710.10. Jackson v. Scully, 781 F.2d 291, 297 (2d Cir. 1982); Gates, 568 F.2d at 837. The term opportunity "means only that the state must make available 'a statutory mechanism' for suppression of evidence tainted by an unlawful search or seizure." McPhail v. Warden, Attica Corr. Facility, 707 F.2d 67, 69 (2d Cir. 1983) (quoting Gates, 568 F.2d at 837). New York State's statutory mechanism is facially adequate. See Capellan, 975 F.2d at 70 n.1 (noting that federal courts have approved New York State's procedures for litigating Fourth Amendment claims as being facially adequate (citing Gates, 568 F.2d at 837 & n.4)). In the instant case, petitioner had the opportunity to litigate his claim in state court, and he in fact utilized New York State's corrective mechanism. Further, the trial court's refusal to hold a suppression hearing does not warrant habeas review. See id. at 68-69, 72 (reversing district court's decision to vacate petitioner's conviction despite state court's denial of motion to hold hearing on suppression motion).

Petitioner fails to establish that a breakdown in the underlying process occurred. Consequently, habeas review of petitioner's Fourth Amendment claim is barred.

## Conclusion

For the foregoing reasons, petitioner's motion for writ of habeas corpus is dismissed. Further, as the petition presents no questions of substance for appellate review, a certificate of appealability is denied. The Clerk of the Court is directed to close the case.

Dated:   Brooklyn, New York
         April 23, 2008

                              SO ORDERED:

                              _____/s/_____
                              David G. Trager
                              United States District Judge